UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

In re:                                                          Chapter 11

      TIRES R US LTD,                                    Case Nos.: 1-11-50395-ess

                       Debtor.
----------------------------------------------------------------x
VEHIFAX CORP.

                     Plaintiff,                      Adv. Pro. No.: 1-15-01007-ess

    -against-

STEVEN GEORGILIS, et al.,

                     Defendants.
----------------------------------------------------------------x

**MEMORANDUM DECISION ON THE DEFENDANT STEVEN GEORGILIS' MOTION FOR CONTEMPT, SANCTIONS, DAMAGES, TO STAY ANY AND ALL ACTIONS BY VEHIFAX TO ENFORCE A CERTAIN JUDGMENT, AND DIRECTING THE NEW YORK STATE SUPREME COURT, COUNTY OF SUFFOLK TO DISMISS CASE**

Appearances:

Richard A. Kraslow, Esq.                     Steven Georgilis
425 Broad Hollow Road                        27-40 Hoyt Avenue South
Suite 206                                    Astoria, NY 11102
Melville, NY 11747

                                 *Defendant, Pro se*

*Attorneys for Vehifax Corp.*

**HONORABLE ELIZABETH S. STONG**
**UNITED STATES BANKRUPTCY JUDGE**

## Introduction

Before the Court is the motion of Steven Georgilis seeking entry of an order holding

Vehifax Corp. ("Vehifax") in civil contempt for violating a stipulation entered in the Chapter 11

bankruptcy case of Tires R Us Ltd.; imposing sanctions and damages, including attorneys' fees,

against Vehifax; staying any and all actions or proceedings commenced by Vehifax against him

and others in connection with a judgment obtained in an action pending in New York Supreme

Court, Suffolk County, Index No. 06126/12 (the "Suffolk County Action") and preventing

Vehifax from taking any action to enforce the judgment entered in that action; and directing the

New York Supreme Court, Suffolk County to vacate the judgment in that action and to dismiss

the Suffolk County Action with prejudice.

## Jurisdiction and Authority to Enter a Final Judgment

This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334(b),

and the Eastern District of New York standing order of reference dated August 28, 1996, as

amended by order dated December 5, 2012.  This adversary proceeding is a core proceeding

under 28 U.S.C. § 157(b)(2)(E), (G), and (K).  This decision constitutes the Court's findings of

fact and conclusions of law to the extent required by Bankruptcy Rule 7052.

## Selected Procedural History

### *The Tires R Us Ltd Chapter 11 Bankruptcy Case*

On December 13, 2011, Tires R Us Ltd ("Tires R Us") filed for protection under Chapter

11 of the Bankruptcy Code.  Tires R Us was in the business of transporting used tires for

recycling.

On June 27, 2012, Tires R Us, by counsel, filed a motion seeking an order holding Vehifax and its counsel Richard A. Kraslow, P.C. ("Kraslow") in contempt for violating and intentionally interfering with the automatic stay, enjoining Vehifax and Kraslow from further interference with Tires R Us's property, directing Vehifax to return certain property to Tires R Us, and awarding Tires R Us damages and fees (the "Tires R Us Contempt Motion").

On December 12, 2012, the Court held a continued hearing on the Tires R Us Contempt Motion at which Mr. Georgilis, as principal of Tires R Us, Tires R Us, Vehifax, and Kraslow, all by counsel, among others, appeared and were heard.  The parties stated that they had reached a settlement of several matters including the Tires R Us Contempt Motion, and agreed to submit a stipulation and proposed order memorializing the parties' resolution.

On January 23, 2013, the Court entered an order approving a settlement stipulation among Vehifax, Mr. Georgilis, Kraslow, Tires R Us, Shenaz Georgilis, and Pan Strategic Realty Corp. ("PSR Corp.") (the "Stipulation and Order") which, among other things, set forth the terms of the conditional withdrawal of the Tires R Us Contempt Motion and the discontinuance of the Suffolk County Action.  That Stipulation and Order states in part:

> The Parties irrevocably consent to the exclusive jurisdiction of the United States Bankruptcy Court for the Eastern District of New York with respect to any proceeding to adjudicate any dispute concerning, or to enforce the terms and provisions of, [the] Stipulation.

Stipulation, 6.  The Stipulation and Order also provides that, subject to Tires R Us's compliance with certain of its terms, Vehifax would discontinue the Suffolk County Action with prejudice.

Less than a month later, on February 20, 2013, Vehifax and Richard Kraslow, Esq., by counsel, filed a letter with the Court stating, among other things, that Tires R Us "is not in compliance with any of the terms of the Stipulation [and Order] and has represented to [counsel]

that [Mr. Georgilis, as principal of Tires R Us] has no intention of complying." February 20, 2013, letter, *In re Tires R Us Ltd*, No. 11-50395 (Bankr. E.D.N.Y. Dec. 13, 2011), ECF No. 133 ("February 2013 Letter"). The letter further states that Vehifax and Kraslow would file a motion to compel compliance "in the coming days." February 2013 Letter at 1.

On May 9, 2013, Tires R Us, by counsel, filed a letter confirming that Tires R Us formally withdrew its contempt motion against Vehifax and Kraslow. On June 22, 2013, Tires R Us's Chapter 11 bankruptcy case was dismissed, and on July 11, 2013, the case was closed.

*The Suffolk County Action*

This adversary proceeding has its roots in a state court action that began more than four years ago and a transaction that occurred some six years ago. On July 7, 2010, Tires R Us entered into an equipment lease with Vehifax to lease four vehicles pursuant to a two-year installment contract. Through late 2011, Tires R Us made payments on the equipment lease to Vehifax. At some point, Tires R Us encountered financial difficulties, and no longer made those payments.

On February 21, 2012, Vehifax commenced an action in New York Supreme Court, Suffolk County, Index No. 06126/12, naming Mr. Georgilis, Ms. Georgilis, and PSR Corp. as defendants (the "Suffolk County Defendants") by filing a Summons and a Verified Complaint. Vehifax alleged, among other things, that Tires R Us failed to make the payment due on October 15, 2011 and continued to be in default thereafter. Vehifax also alleged that Mr. Georgilis and Ms. Georgilis personally guaranteed payment of Tires R Us's obligations to Vehifax, and that Tires R Us assigned its interest in the pre-petition lease and the registration of the vehicles to PSR Corp. Among other relief, Vehifax sought replevin of four vehicles subject to a pre-petition lease between Tires R Us and Vehifax.

That same day, the state court entered an order to show cause directing the Suffolk County Defendants to appear at a hearing on March 6, 2012, to be heard as to why an order of seizure should not be issued with respect to the vehicles. On April 4, 2012, the state court entered an order conditionally granting Vehifax an order of seizure with respect to vehicles subject to Vehifax's fulfillment of certain conditions. On June 20, 2012, Vehifax issued a notice of sale indicating that an auction of the vehicles would take place on July 3, 2012.

Vehifax and Mr. Georgilis dispute whether Tires R Us complied with the terms of the Stipulation and Order. And the parties also disagree as to whether Vehifax was authorized to proceed with the Suffolk County Action. At some point after the Tires R Us Chapter 11 bankruptcy case was dismissed and closed, Mr. Georgilis obtained the civil court minutes report from the Suffolk County Supreme Court Clerk's Office for the Suffolk County Action (the "Clerk's Minutes"). The Clerk's Minutes list the process dates in 2012 and 2013 of certain minutes or documents in the Suffolk County Action, including certain short form orders and a judgment.

On October 31, 2013, the state court held an inquest in the Suffolk County Action and granted Vehifax judgment against Mr. Georgilis and Ms. Georgilis. On December 17, 2013, the state court entered judgment in favor of Vehifax and against Mr. Georgilis and Ms. Georgilis in the amount of $57,723, and that judgment remains unsatisfied (the "Suffolk County Judgment").

On July 29, 2014, Mr. Georgilis moved to dismiss the Suffolk County Action, and for sanctions against Vehifax, Kraslow, and Richard A. Kraslow, Esq. On August 29, 2014, the state court denied Mr. Georgilis' motion and stated that the Suffolk County Action "was concluded by judgment entered in favor of [Vehifax] against the [Suffolk County Defendants] in the amount of $57,723 on December 17, 2013, no portion of which has been paid." Pl.'s Opp'n

4

Affirmation, ¶ 18.  On September 30, 2014, Vehifax served a Deposition Subpoena Duces Tecum with Restraining Notice upon Mr. Georgilis.  That subpoena directed Mr. Georgilis to appear to be examined under oath with respect to satisfaction of the Judgment on October 28, 2014, and to produce certain documents.  Mr. Georgilis did not appear for the deposition, and did not produce the requested documents.

On November 11, 2014, Vehifax filed an affirmation seeking entry of an order to show cause why the state court should not enter an order holding Mr. Georgilis in civil and criminal contempt for his failure to appear to be examined under oath and to produce certain documents, imposing fines, sanctions and costs, together with a period of incarceration, and awarding Vehifax its reasonable attorney's fees.  On December 10, 2014, the state court entered an order to show cause directing Mr. Georgilis to appear on January 7, 2015, to show cause why he should not be found in contempt.  On January 15, 2015, three days after Mr. Georgilis removed this case to this Court, the state court entered an order finding Mr. Georgilis guilty of civil contempt for his failure to appear for deposition and to provide documents, and directing Mr. Georgilis to appear for his deposition.

*This Adversary Proceeding and the Relief Sought*

On January 12, 2015, Mr. Georgilis, individually and as assignee of PSR Corp., filed a Notice of Removal of the Suffolk County Action stating that the Suffolk County Action involves a dispute concerning the Stipulation and Order entered in the Tires R Us Chapter 11 bankruptcy case, and that the Stipulation and Order vests exclusive jurisdiction to hear such disputes in the bankruptcy court.

On May 19, 2015, Mr. Georgilis filed this motion for contempt, sanctions, damages, to stay any and all actions by Vehifax to enforce a certain judgment, and directing the New York

Supreme Court to dismiss the Suffolk County Action.  On June 15, 2015, Vehifax filed an

affirmation in opposition to the Motion, and on June 23, 2015, Mr. Georgilis filed a reply

affidavit (the "Reply").  From time to time, the Court held pre-trial conferences in this adversary

proceeding and related matters.  On December 2, 2015, Mr. Georgilis filed supplemental papers

in further support of the Motion.

On December 16, 2015, the Court held a continued hearing on the Motion, heard oral

argument from Mr. Georgilis and Vehifax, and closed the record.

### **Mr. Georgilis' Motion**

#### *Mr. Georgilis' Argument for Civil Contempt*

Mr. Georgilis argues that the Court should find Vehifax in contempt pursuant to

Bankruptcy Code Section 105(a) and under the factors set forth in two Fourth Circuit Court of

Appeals decisions, *In re Grand Jury Subpoena (T-112)*, 597 F.3d 189, 202 (4th Cir. 2010) and

*Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000).  There, the court found that in order

to establish civil contempt, the movant must show:

> (1)    the existence of a valid decree of which the alleged contemnor had actual
>        or constructive knowledge;
>
> (2)    . . . that the decree was in the movant's "favor";
>
> (3)    . . . that the alleged contemnor by its conduct violated the terms of the
>        decree, and had knowledge (at least constructive knowledge) of such
>        violations; and
>
> (4)    . . . that [the] movant suffered harm as a result.

*Ashcraft*, 218 F.3d at 301 (citation omitted).  And each of these elements must be established by

clear and convincing evidence.  *Id.*

As to the first element, Mr. Georgilis argues that Vehifax had at least constructive

6

knowledge of the Stipulation and Order because Vehifax was a signatory of the Stipulation and Order.

As to the second element, Mr. Georgilis argues that the Stipulation and Order was in his and the Suffolk County Defendants' favor, "in that it protected them from being subjected to continued litigation in [state court], and secured the [Suffolk County Defendants] from any future litigation outside the jurisdiction of the Bankruptcy Court." Mot. for Contempt, ¶ 29. Mr. Georgilis also notes that the Suffolk County Defendants "signed and had a reasonable expectation that the conditions set forth in the [Stipulation] would be adhered to, followed and obeyed." Mot. for Contempt, ¶ 19.

As to the third element, Mr. Georgilis argues that Vehifax "knowingly and willfully violated the [Stipulation and Order]" by proceeding in the Suffolk County Action on multiple occasions after entering into the Stipulation and Order. Mot. for Contempt, ¶ 30. Specifically, Mr. Georgilis argues that Vehifax violated the Stipulation and Order by proceeding with the Suffolk County Action on January 31, 2013, even though the Stipulation and Order required Vehifax to discontinue that action. Mr. Georgilis further argues, in substance, that Vehifax violated the Stipulation and Order despite the fact the Suffolk County Defendants were in full compliance with its terms. And he states that the February 2013 Letter filed by Vehifax and Kraslow "constituted a sham" because Tires R Us was in full compliance with the Stipulation. Mot. for Contempt, ¶ 14.

Mr. Georgilis also argues that Vehifax was able to move for default judgment in the Suffolk County Action on February 20, 2013 only because it "falsely claimed that the [Suffolk County Defendants] had violated the [Stipulation and Order]." Mot. for Contempt, ¶ 15. He asserts that Vehifax's action was unfounded because the Suffolk County Action "clearly

7

concerned the enforcement of the [Stipulation and Order, which] could not legally be addressed out of the jurisdiction of the Bankruptcy Court." Mot. for Contempt, ¶ 15. And he notes that the Stipulation and Order requires that "any disputes related to or arising from the interpretation or execution of the [Stipulation and Order]" be adjudicated by the bankruptcy court, not the state court. Mot. for Contempt, ¶ 18. As a consequence, he states, the continuation of the Suffolk County Action by Vehifax was in clear violation of the Stipulation and Order.

Lastly, Mr. Georgilis argues that he and the other Suffolk County Defendants suffered harm as a result of Vehifax's conduct, including:

> (a) the loss of $52,804 in insurance proceeds on vehicles that were at the time leased to Tires R Us, of which [Mr. Georgilis] was principal; (b) the loss of income and business due to the loss of the two remaining, non-damaged leased vehicles, ceded to [Vehifax] as part of the [Stipulation and Order]; (c) attorneys' fees for the Suffolk County Action; (d) $57,723 in judgments for [Vehifax] in [the Suffolk County Action]; and (e) continued pressure and demands from [Vehifax] contributing heavily to the dissolution of the marriage of [Mr. Georgilis] and [Ms.] Georgilis.

Mot. for Contempt, ¶ 31.

In summary, Mr. Georgilis argues that pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9020, the Court should find Vehifax in civil contempt and "award the [Suffolk County Defendants] their damages, including their attorneys' fees." Mot. for Contempt, ¶ 33.

_Mr. Georgilis' Argument for Monetary Sanctions_

Mr. Georgilis argues that the "Court also has authority to and should impose monetary sanctions on [Vehifax] for its contempt" and cites to the Second Circuit Court of Appeals' decision in _In re Chateaugay Corp._, 920 F.2d 183, 187 (2d Cir. 1990), as support for this relief. Mot. for Contempt, ¶ 33.

Mr. Georgilis requests that the Court impose monetary sanctions on Vehifax to

compensate Mr. Georgilis for his damages cause by Vehifax's contempt, including:

> (1) over $20,000 in legal fees; (2) $560,000 in lost revenue due to the loss of the four leased vehicles brought about by this litigation; (3) $52,804 in insurance money for the two leased vehicles destroyed by Hurricane Sandy, money which was released to [Vehifax], pursuant to the [Stipulation and Order] which has since been breached by [Vehifax]; [and] (4) $1,000,000 in lost revenue due to the loss of business and loss of goodwill and reputation suffered by [Mr. Georgilis] and his companies.

Mot. for Contempt, ¶ 34.

### *Mr. Georgilis' Argument for a Stay of Actions, Proceedings, and Enforcement of Judgment in the Suffolk County Action*

Mr. Georgilis asks this Court to stay the proceedings in the Suffolk County Action and to enjoin Vehifax from enforcing the Suffolk County Judgment. He states that the Court has jurisdiction over this proceeding under Judiciary Code Sections 157 and 1334, and that this adversary proceeding is a core proceeding.

Mr. Georgilis asserts that this Court has the power "to stay any and all actions or proceedings that have been started or can be started by" Vehifax against the Suffolk County Defendants in connection with the Suffolk County Action under Bankruptcy Code Section 105(a), Judiciary Code Section 1927, and the Stipulation and Order. Mot. for Contempt, ¶ 23. And Mr. Georgilis argues that the Court "must prevent [Vehifax] from taking any action to enforce [the] judgment" because the Stipulation and Order provides that those matters must be heard in this Court. Mot. for Contempt, ¶ 23.

### *Mr. Georgilis' Argument for Vacatur of the Suffolk County Judgment and Dismissal of that Action*

Mr. Georgilis asks this Court, for substantially the same reasons, to dismiss the Suffolk County Action pursuant to Bankruptcy Code Section 105(a), Judiciary Code Section 1927, "the . . . Stipulation and Order, and in the interest of justice and judicial economy." Mot. for

Contempt, ¶ 24.

### **Defendant Vehifax's Opposition**

Vehifax opposes each of the forms of relief sought by Mr. Georgilis in this Motion.  At the outset, Vehifax points to inconsistencies in the statements made by Mr. Georgilis in two different affidavits about his and the other Suffolk County Defendants' compliance with the Stipulation and Order.  Mr. Georgilis filed the first affidavit, dated April 18, 2015, in support of this motion (the "April 2015 Affidavit").  And he filed the other affidavit, dated July 25, 2014, in the Suffolk County Action in support of his motion to dismiss that action (the "July 2014 Affidavit").

Vehifax argues that in the April 2015 Affidavit, Mr. Georgilis states that Tires R Us was "in full compliance with [the Stipulation and Order] at all times."  Pl.'s Opp'n Affirmation, ¶ 20. But in the July 2014 Affidavit, Mr. Georgilis states that the last of the four vehicles leased from Vehifax by Tires R Us was unregistered and thus he did not have the "authority to move the vehicle from its location" to return it to Vehifax as the Stipulation and Order required.  Pl.'s Opp'n Affirmation, ¶ 21.  Mr. Georgilis also states that he "did not deliver the vehicle [to Vehifax] as stipulated in the [Stipulation and Order] due directly to the failure of [Vehifax] to cooperate and grant a new power of attorney to [him]." Pl.'s Opp'n Affirmation, ¶ 22.

Vehifax also argues that the Motion must be denied as a matter of law under Section 130-1.1 of the New York Codes, Rules and Regulations.  Vehifax argues that Mr. Georgilis' arguments are not colorable or supported by relevant authority.  Vehifax notes that raising and pursuing genuine legal disputes is not sanctionable conduct.  And Vehifax states that Mr. Georgilis has not met his burden for an order adjudging Vehifax in contempt because he has not shown that Vehifax willfully violated a clear and unequivocal court order.

For these reasons, Vehifax requests that the Motion be denied in its entirety.

**<u>Mr. Georgilis' Reply</u>**

Mr. Georgilis asserts that all of the actions taken by Vehifax in the Suffolk County

Action since January 23, 2013 – when the Stipulation and Order in the Tires R Us Chapter 11

Bankruptcy Case was entered – are in violation of the Stipulation and Order and should be

"excluded from consideration by this court." Def.'s Reply, ¶ 19.  He also argues that Vehifax's

actions in the Suffolk County Action and with respect to the Suffolk County Judgment "[came]

about as a direct result of Vehifax violating the [Stipulation and Order] signed by United States

Bankruptcy Judge Stong." Def.'s Reply, ¶ 19.

Mr. Georgilis argues that the "willingness of [Mr. Georgilis] and [Ms.] Georgilis to drop

any and all contempt citations and claims to vehicle titles and insurance proceeds was predicated

upon Vehifax agreeing to dismiss with prejudice [the Suffolk County Action]." Def.'s Reply,

¶ 8.  Further, he asserts that the "repeated violations of the [Stipulation and Order] by Vehifax

. . . had the effect of destroying the lives and financial assets of [Mr.] Georgilis and [Ms.]

Georgilis." Def.'s Reply, ¶ 20.

Mr. Georgilis asks this Court to "consider the great extent to which the actions of Vehifax

have prejudiced [Mr. Georgilis] and [Ms.] Georgilis" in "determining the merits of entering an

order adjudging Vehifax in contempt of [the] Court and imposing sanctions on Vehifax, and in

determining the magnitude of sanctions to be imposed on Vehifax." Def.'s Reply, ¶ 21.

Mr. Georgilis cites to the United States Supreme Court decision in *Chambers v. NASCO, Inc.*,

501 U.S. 32, 43 (1991), for the rule that all courts have the power to punish for contempt,

including the ability to sanction a party.  He also states that it is within the bankruptcy court's

inherent authority to sanction a party who "willfully disobeys a court order or acts in bad faith."

11

*Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). And Mr. Georgilis argues that the actions taken by Vehifax warrant sanctions because Vehifax acted in bad faith and with the "improper purpose of attempting to gain a tactical advantage in another case." Def.'s Reply, ¶ 25.

### **Mr. Georgilis' Supplemental Filing in Support of the Motion**

In his supplemental filing in support of this Motion, Mr. Georgilis states that through the discovery process, he has found additional proof that Vehifax and Kraslow violated the Stipulation and Order. He states that, in response to a subpoena, Capital One Equipment Finance Corp. ("Capital One") produced a loan and security agreement between Vehifax and All Points Capital Corp. ("All Points"). Capital One was formerly known as All Points and was a party to a related adversary proceeding, *Georgilis v. LaMonica Herbst & Maniscalco, LLP et al.*

Mr. Georgilis argues that the loan and security agreement produced by Capital One shows that Kraslow "knowingly, willingly, wantonly, and fraudulently moved in Suffolk County Supreme Court, filing a lawsuit against Mr. Georgilis, [Ms.] Georgilis, and PSR Corp., even though they had no legal standing, title, or ownership of the lease that was assigned to All Points Capital Corp." Def.'s Suppl. Filings, ¶ 54.

Mr. Georgilis also points to invoices that he received in response to a subpoena directed to counsel for Vehifax setting forth the billing history for the firm's work with Vehifax from August 14, 2012 to December 8, 2014. Mr. Georgilis states that these records show that LaMonica, Herbst & Maniscalco, LLP was counsel to Vehifax in the Tires R Us Chapter 11 Bankruptcy Case. Further, Mr. Georgilis argues that these records indicate that the firm took actions on behalf of Vehifax in violation of the Stipulation and Order, and had constructive knowledge that it was doing so.

Mr. Georgilis also relies upon copies of two checks issued to Vehifax that he received in

response to a subpoena directed to Progressive Insurance Co.  Those checks were issued on February 26, 2013, in the aggregate amount of $52,804.  Mr. Georgilis argues the checks "are proof that [Vehifax] already received the money as per the [Stipulation and Order]."  Def.'s Suppl. Filings, ¶ 8.

And Mr. Georgilis notes that Vehifax filed an affidavit of service in the Suffolk County Action showing that motions served on him and the other Suffolk County Defendants on January 31, 2013, February 20, 2013, and April 23, 2013, were sent to him at an incorrect address.  He states that he and Ms. Georgilis did not receive the documents and "had no knowledge of the movement in Suffolk County Supreme Court."  Def.'s Suppl. Filings, ¶ 21.

Lastly, Mr. Georgilis states that he "would like to invoke [Federal Rule of Civil Procedure] 1, which states that all the rules . . . should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."  Def.'s Suppl. Filings, ¶ 60.

### The Standard for Contempt

A party may be held in civil contempt for failure to comply with a court order if (1) the court's order is clear and unambiguous, (2) the evidence of the contemnor's noncompliance is clear and convincing, and (3) the contemnor did not diligently attempt to comply in a reasonable manner.  *See Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (internal quotations omitted).  It is not necessary to establish that the contemnor's noncompliance was willful.  *See id.* (citing *Donovan v. Sovereign Sec. Ltd.*, 726 F.2d 55, 59 (2d Cir. 1984)).

At the same time, the penalty of contempt is not lightly to be invoked, and courts should be reluctant to use it as a routine case management tool.  If reasonable parties could disagree as

13

to whether contempt is warranted, then very likely, it is not. As the Supreme Court has noted:

> The judicial contempt power is a potent weapon. When it is founded upon a decree too vague to be understood, it can be a deadly one. Congress responded to that danger by requiring that a federal court frame its orders so that those who must obey them will know what the court intends to require and what it means to forbid.

*Int'l Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 76 (1967).

That is, contempt requires an order that puts the parties plainly on notice as to what is permitted and what is forbidden. Courts agree that "[a] clear and unambiguous order is one 'specific and definite enough to apprise those within its scope of the conduct that is being proscribed.'" *Medallic Art Co., Ltd. v. Novus Mktg., Inc.*, No. 99-CV-502, 2003 WL 22053130, at *1 (S.D.N.Y. Sept. 2, 2003) (quoting *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1352 (2d Cir. 1989)). The "clear and convincing standard requires a quantum of proof adequate to demonstrate a 'reasonable certainty' that a violation occurred." *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002). And "there can be no finding of contempt if it has been shown that the alleged contemnor has been 'reasonably diligent and energetic in attempting to accomplish what was ordered.'" *Leadsinger v. Cole*, No. 05-CV-5606, 2006 WL 2266312, at *9 (S.D.N.Y. Aug. 4, 2006) (quoting *Equal Emp't Opportunity Comm'n v. Local 638*, 753 F.2d 1172, 1178 (2d Cir. 1985)).

### The Standard for Sanctions

It has long been recognized that a bankruptcy court, like all federal courts, has the inherent authority to supervise the proceedings that take place before it. This authority includes the ability to impose sanctions on parties and professionals that appear before it. As one court observed, "'Bankruptcy courts, like Article III courts, enjoy inherent power to sanction parties

for improper conduct.'" *Green*, 422 B.R. at 473-74 (quoting *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 477 (6th Cir. 1996)). As another court noted, "a district court has discretion under . . . 28 U.S.C. § 1927[] and its inherent equitable powers to impose costs against an attorney as a sanction." *Wilder v. GL Bus Lines*, 258 F.3d 126, 130 (2d Cir. 2001). *See Revson v. Cinque & Cinque*, 221 F.3d 71, 78 (2d Cir. 2000) (holding that "[t]he court has inherent power to sanction parties and their attorneys, a power born of the practical necessity that courts be able 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991))).

As one noted commentator has observed, "this inherent authority is essential to the administration of justice, and exists in addition to sanctions available under specific statutes or Rules." JAMES WM. MOORE ET AL., 3 MOORE'S FEDERAL PRACTICE – CIVIL, § 16.90 (3d ed. 2016). *See* 1 COLLIER ON BANKRUPTCY ¶ 8.07[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2012) (stating that "[i]n addition to the numerous statutory provisions, professionals are subject to the court's inherent power to maintain order in their courts, punish improper behavior, control admission to the bar and discipline attorneys").

Bankruptcy Code Section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

Judiciary Code Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy

personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Second Circuit has noted that purpose of Section 1927 is to deter unnecessary delays in litigation. *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991). And the Second Circuit emphasizes that "[b]ad faith is the touchstone of an award under this statute." *Id.* As such, "a bankruptcy court may impose sanctions pursuant to [Judiciary Code Section] 1927 if it finds that '[an] attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'" *Baker v. Latham Sparrowbush Assocs. (Matter of Cohoes Indus. Terminal, Inc.)*, 931 F.2d 222, 230 (2d Cir. 1991) (citation omitted).

Following Second Circuit precedent, bankruptcy courts in this Circuit have found it appropriate to impose sanctions under Section 1927 for a variety of reasons, including where an attorney creates "excess [litigation] costs." *In re French Bourekas, Inc.*, 175 B.R. 517, 523 (Bankr. S.D.N.Y. 1994). Indeed, Section 1927 "permits a court to compensate the victims of abusive litigation practices, not merely to deter and punish offenders. Accordingly, a [] court may order compensation under Section 1927 without considering whether a less severe sanction might deter the offending conduct." JAMES WM. MOORE ET AL., 2 MOORE'S FEDERAL PRACTICE – CIVIL, § 11.40 (3d ed. 2016). In a sanctions motion under Section 1927, the burden of proof is on the moving party. *Intelli-Check, Inc. v. Tricom Card Techs.*, *Inc.*, 2005 WL 3533153, at *11 (E.D.N.Y. Dec. 22, 2005).

Further, under New York law, costs and sanctions may be awarded to a party or attorney in a civil action or proceeding. N.Y. COMP. CODES R. & REGS. tit. 22, § 130-1.1 (2016). Specifically, Section 130-1.1(a) of the New York Codes, Rules and Regulations provides:

The court, in its discretion, may award to any party . . . in any civil action or proceeding before the court, except where prohibited by law, costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct as defined in this Part.  In addition to or in lieu of awarding costs, the court, in its discretion may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct as defined in this Part.

N.Y. COMP. CODES R. & REGS. tit. 22, § 130-1.1(a) (2016).

Section 130-1.1(c) further states:

For purposes of this Part, conduct is frivolous if:

> (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;

> (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or

> (3) it asserts material factual statements that are false.

. . .

In determining whether the conduct undertaken was frivolous, the court shall consider, among other issues the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party.

N.Y. COMP. CODES R. & REGS. tit. 22, § 130-1.1(c) (2016).  Notably, "[f]rivolous conduct shall include the making of a frivolous motion for costs or sanctions under this section."  *Id.*

And Section 130-1.1(d) limits how a party may seek such sanctions:

An award of costs or the imposition of sanctions may be made either upon motion in compliance with CPLR 2214 or 2215 or upon the court's own initiative, after a reasonable opportunity to be heard.  The form of the hearing shall depend upon the nature of the conduct and the circumstances of the case.

N.Y. COMP. CODES R. & REGS. tit. 22, § 130-1.1(c).

Neither New York law nor the Civil Practice Law and Rules recognize an independent cause of action for the imposition of sanctions. *See Sahni v. Staff Attorneys Ass'n*, No. 14-CV-9873, 2016 WL 1241524, at *9 (S.D.N.Y. Mar. 23, 2016). "The very language of the rule contemplates a motion made in the context of a pending action and not an independent cause of action. This view seems to be shared by other Courts which have addressed this issue." *Aurora Loan Servs., LLC v. Cambridge Home Capital, LLC*, 12 Misc. 3d 1152(A) (N.Y. Sup. Ct. Nassau Co. 2006) (internal citations omitted).

### Discussion

Mr. Georgilis, as the movant, bears the burden to establish each element of his claims for contempt, sanctions, and vacatur of the Suffolk County Judgment and dismissal of the Suffolk County Action. As the Second Circuit has noted, courts "read [a *pro se* party's] papers 'liberally and interpret them to raise the strongest argument that they suggest.'" *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). Because Mr. Georgilis is *pro se*, the Court is "obligated to afford a special solicitude to [him, as a] *pro se* litigant[]." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010).

*Whether Mr. Georgilis Has Established that the Stipulation and Order Is Clear and Unambiguous*

The first element required to hold a party in civil contempt for failure to comply with a court order is that the court's order is clear and unambiguous. *See Paramedics*, 369 F.3d at 655. As stated by the Second Circuit, "An [order] is sufficiently clear and unambiguous if it leaves 'no doubt in the minds of those to whom it was addressed . . . precisely what acts are forbidden.'" *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016) (quoting *Drywall Tapers & Pointers v. Local 530*, 889 F.2d 389, 395 (2d Cir. 1989)).

Here, the Stipulation and Order calls for Tires R Us to withdraw its motion for contempt, and for Vehifax to discontinue the Suffolk County Action, if certain conditions are met. In exchange for the discontinuance of that action, in addition to withdrawing its contempt motion, Tires R Us agreed to return a vehicle to Vehifax, waive and release its claims and rights to certain insurance proceeds and to other vehicles, and finally, to cooperate in executing any additional documents that may be reasonably necessary to carry out the terms of the Stipulation and Order. The record shows that the parties disagree as to whether the conditions were satisfied, and also disagree as to whether any failure to perform by Mr. Georgilis was justified or excused. But the record also shows that the parties do not dispute the terms of the Stipulation and Order itself.

The Stipulation and Order also provides that the parties "irrevocably consent to the exclusive jurisdiction of the United States Bankruptcy Court for the Eastern District of New York with respect to any proceeding to adjudicate any dispute concerning, or to enforce the terms and provisions of, [the] Stipulation." Stipulation, 6, ¶ 12. Here again, while the parties disagree as to whether these terms were complied with, and in particular, as to whether Vehifax was free to proceed with the Suffolk County Action, the parties do not dispute that these terms are clear.

For these reasons, and based on the entire record, Mr. Georgilis, as the movant, has met his burden to establish, by clear and convincing evidence, the first element of his claim for contempt, that the court order at issue is clear and unambiguous.

*Whether Mr. Georgilis Has Established by Clear and Convincing Evidence that Vehifax Violated the Stipulation and Order*

The second element required to hold a party in civil contempt for failure to comply with a

19

court order is that the contemnor failed to comply with the order, and the proof of that

noncompliance is clear and convincing.  *See Paramedics*, 369 F.3d at 655.  That is, as noted

above, Mr. Georgilis must provide "a quantum of proof adequate to demonstrate a 'reasonable

certainty' that a violation occurred."  *Leadsinger v. Cole*, No. 05-CV-5606, 2006 WL 2266312,

at *9 (S.D.N.Y. Aug. 4, 2006).

Mr. Georgilis argues that Vehifax violated the Stipulation and Order by moving forward

with the Suffolk County Action despite the fact that the other parties to the Stipulation and Order

complied with all of the obligations under the Stipulation and Order.  Mr. Georgilis also argues

that the February 2013 Letter filed by counsel to Vehifax "constituted a sham," because Tires R

Us "had been in full compliance with the Stipulation and Order."  Mot. for Contempt, ¶¶ 14, 30.

Mr. Georgilis argues that Vehifax made false claims in the Suffolk County Action in order to

move for default judgment.  That is, Mr. Georgilis argues that all of the actions taken by Vehifax

in the Suffolk County Action after entering into the Stipulation and Order violated its terms,

because the terms of the Stipulation and Order called for it to be enforced exclusively in the

bankruptcy court.

In response, Vehifax argues that based on the noncompliance of Mr. Georgilis and Tires

R Us, it was free to proceed in the Suffolk County Action.  It also notes that the state court in

that action found that Vehifax did not violate the Stipulation and Order, and that Mr. Georgilis,

not Vehifax, failed to comply with its terms.  Vehifax argues that in his affidavit dated July 24,

2014, Mr. Georgilis stated that the last of the four vehicles leased from Vehifax by Tires R Us

was unregistered and thus he did not have the "authority to move the vehicle from its location" to

return it to Vehifax as the Stipulation and Order required.  Pl.'s Opp'n Affirmation, ¶¶ 19-23.

Vehifax notes that in the same affidavit, Mr. Georgilis states that he and Tires R Us "did not

deliver the vehicle [to Vehifax] as stipulated in the [Stipulation and Order] due directly to the failure of [Vehifax] to cooperate and grant a new power of attorney to [Georgilis]." Pl.'s Opp'n Affirmation, ¶ 21. Vehifax argues that these statements, taken together, amount to an admission by Mr. Georgilis that he violated the Stipulation and Order. In substance, Vehifax argues that Mr. Georgilis' failure to satisfy the conditions of the Stipulation and Order allowed it to proceed with the Suffolk County Action.

Here, the record shows that Vehifax received communications from Mr. Georgilis, as principal of Tires R Us and as one of the Suffolk County Defendants, indicating that Mr. Georgilis and Tires R Us were not in compliance, and did not intend to comply, with the terms of the Stipulation and Order. The record also shows that Vehifax filed a letter with this Court stating the same and then proceeded in the Suffolk County Action. That is, the record shows that Vehifax reached the conclusion that Mr. Georgilis and Tires R Us were not in compliance with the Stipulation and Order, communicated that conclusion to this Court and others, and then proceeded in the Suffolk County Action. For these same reasons, the record also shows that Vehifax had a good faith basis for proceeding in the Suffolk County Action. The record does not establish that Vehifax failed to comply with the Stipulation and Order, and surely does not establish that to the heightened standard of clear and convincing evidence.

For these reasons, and based on the entire record, Mr. Georgilis, as the movant, has not met his burden to establish, by clear and convincing evidence, the second element of his claim for contempt, that Vehifax failed to comply with the Stipulation and Order.

*Whether Mr. Georgilis Has Established that Vehifax Did Not Diligently Attempt To Comply with the Stipulation and Order in a Reasonable Manner*

The third element required to hold a party in civil contempt for failure to comply with a

court order is that the contemnor did not diligently attempt to comply in a reasonable manner.
*See Paramedics*, 369 F.3d at 655.

Mr. Georgilis argues, in substance, that Vehifax did not attempt to comply with the
Stipulation and Order in a reasonable and good faith manner.  He states that the February 2013
Letter filed by Vehifax and Kraslow stating that Mr. Georgilis and Tires R Us were not in
compliance with the terms of the Stipulation and Order and would not comply "constituted a
sham" because he and the other Suffolk County Defendants, Ms. Georgilis and PSR Corp., were
in full compliance with the Stipulation and Order at that time.  Mot. for Contempt, ¶ 14.  He also
argues, in substance, that this letter and Vehifax's subsequent decision to proceed with the
Suffolk County Action did not constitute a diligent attempt to comply with the Stipulation and
Order in a reasonable manner.  Mr. Georgilis argues, in substance, that reasonable compliance by
Vehifax would have called for Vehifax to seek interpretation and enforcement of the Stipulation
and Order solely in the bankruptcy court.

In response, Vehifax denies that it violated the Stipulation and Order.  Vehifax states that
it was entitled to continue with the Suffolk County Action because Mr. Georgilis, Tires R Us,
and the other Suffolk County Defendants failed to satisfy the conditions of the Stipulation and
Order that would have brought about the discontinuance of that action and the requirement to
proceed exclusively in this Court.

Here, the record shows that Vehifax filed the February 2013 Letter with the Court stating
that Mr. Georgilis, as principal of Tires R Us and as a Suffolk County Defendant, was not in
compliance and did not intend to be in compliance with the terms of the Stipulation and Order,
including the conditions to the discontinuance of the Suffolk County Action.  As the letter states,
based on this noncompliance, Vehifax concluded that it was permitted to proceed in the Suffolk

County Action and to take the steps that Mr. Georgilis challenges here.  The record also shows that Vehifax undertook not to violate the Stipulation and Order and to put Mr. Georgilis, among others, on notice that it intended to pursue the Suffolk County Action based on its conclusion that Mr. Georgilis did not met the conditions necessary for it to discontinue that action.

For these reasons, and based on the entire record, Mr. Georgilis, as the movant, has not met his burden to establish, by clear and convincing evidence, the third element of his claim for contempt, that Vehifax did not diligently attempt to comply with the Stipulation and Order in a reasonable manner.

*    *    *

In sum, Mr. Georgilis has met his burden to establish the first element of his claim for contempt, that the Stipulation and Order is clear and unambiguous.  But he has not met his burden to establish the second element of his claim, by clear and convincing evidence, that Vehifax violated the Stipulation and Order, or the third element of his claim, that Vehifax did not diligently attempt to comply with the Stipulation and Order in a reasonable manner.  The Court has considered all of the other arguments made by Mr. Georgilis in support of his claim for contempt, and has done so in light of the special consideration afforded to *pro se* parties.  *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010).  The Court concludes that those arguments are without merit.  For these reasons, and based on the entire record, Mr. Georgilis's motion for a finding of contempt against Vehifax is denied.

*Whether Mr. Georgilis Has Established that an Award of Sanctions Against Vehifax Is Appropriate*

Mr. Georgilis argues that the Court should award Mr. Georgilis and the other Suffolk County Defendants "their damages, including their attorney's fees, against [Vehifax] resulting

23

from its contempt." Mot. for Contempt, ¶ 33. Mr. Georgilis bases his request for sanctions on Bankruptcy Code Section 105(a), Bankruptcy Rule 9020, and the Second Circuit's decision in *In re Chateaugay Corp.*, 920 F.2d 183, 187 (2d Cir. 1990), among other authority.

Mr. Georgilis argues, in substance, that it was improper – indeed, contempt – for Vehifax to proceed with the Suffolk County Action because at that time, Mr. Georgilis and the other Suffolk County Defendants were in compliance with the Stipulation and Order. At the same time, Mr. Georgilis argues, in substance, that if Vehifax wished to enforce the Stipulation and Order, it should have done so in the bankruptcy court and not in state court. Mr. Georgilis also argues, in substance, that Vehifax acted in bad faith when it prepared and filed the February 2013 Letter with this Court stating an intention to file a motion to compel compliance, and when it then proceeded with the Suffolk County Action shortly thereafter.

Bad faith may be present where a party acts for "improper purposes." *Intelli-Check, Inc.*, 2005 WL 3533153, at *10 (citing *Revson*, 221 F.3d at 78). Likewise, "[b]ad faith may be inferred 'only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'" *Dahiya v. Kramer*, No. 13-CV-3079 DLI, 2014 WL 1278131, at *4 (E.D.N.Y. Mar. 27, 2014), *aff'd sub nom. In re Khan*, 593 F. App'x 83 (2d Cir. 2015) (citing *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999)).

Here, the record shows that Vehifax attempted to comply with the Stipulation and Order in a reasonable manner and that, upon determining that the Suffolk County Defendants were not in compliance with the Stipulation and Order's terms, Vehifax moved forward with the Suffolk County Action. The record does not indicate that Vehifax's actions were "so completely without merit . . . that they must have been undertaken for some improper purpose." *Dahiya v. Kramer*,

No. 13-CV-3079 DLI, 2014 WL 1278131, at *4.  Nor is any improper purpose otherwise shown

by the record.  *See Baker v. Latham Sparrowbush Assocs. (Matter of Cohoes Indus. Terminal,*

*Inc.)*, 931 F.2d 222, 230 (2d Cir. 1991).

     For these reasons, and based on the entire record, Mr. Georgilis has not met his burden to

establish that Vehifax unreasonably or vexatiously multiplied these proceedings.  Mr. Georgilis

has not shown that Vehifax violated the Stipulation and Order or acted in bad faith in proceeding

with the Suffolk County Action.  In addition, Mr. Georgilis has not met his burden to establish

that Vehifax's actions were "completely without merit in law" or "undertaken primarily to delay

or prolong the resolutions of the litigation, or to harass or maliciously injure another" as required

by Judiciary Code Section 1927 and Section 130-1.1(a) of the New York Codes, Rules and

Regulations.

     The Court has also considered whether sanctions are appropriate on other grounds,

including Bankruptcy Code Section 105(a) and the Court's inherent authority, and concludes that

they are not.

*         *         *

     In sum, Mr. Georgilis has not met his burden to establish grounds for the imposition of

sanctions under Judiciary Code Section 1927, Section 130-1.1(a) of the New York Codes, Rules

and Regulations, Bankruptcy Code Section 105(a), Bankruptcy Rule 9020, and the Court's

inherent authority.  The Court has considered all of the other arguments made by Mr. Georgilis

in support of his request for an award of sanctions against Vehifax, and has done so in light of

the special consideration afforded to *pro se* parties.  *See Tracy*, 623 F.3d at 101.  The Court

concludes that those arguments are without merit.  For these reasons, and based on the entire

record, Mr. Georgilis's motion for the imposition of sanctions against Vehifax is denied.

25

*Whether Mr. Georgilis Has Established Grounds for Vacatur of the Suffolk County Judgment
and Dismissal of the Suffolk County Action*

Mr. Georgilis asks this Court to dismiss the Suffolk County Action pursuant to

Bankruptcy Code Section 105(a), Judiciary Code Section 1927, "the . . . Stipulation, and in the

interest of justice and judicial economy."  Mot. for Contempt, ¶ 24.

Mr. Georgilis argues that Vehifax was in violation of this Court's Stipulation and Order

when it proceeded with the Suffolk County Action, and as a result, the judgment entered against

him in that action should be vacated by this Court and the case dismissed.  Mr. Georgilis does

not cite to any persuasive authority in support of this relief.

In response, Vehifax argues, among other things, that Mr. Georgilis has not met his

burden to demonstrate that Vehifax has violated a court order.

Here, the record shows that Mr. Georgilis has not established a basis for this Court to

vacate the Suffolk County Judgment, or to dismiss the Suffolk County Action.  Federal courts

are courts of limited jurisdiction, and this Court is not vested with jurisdiction to review a

decision of the New York State Supreme Court or to dismiss an action pending in that court.

The Constitution of the State of New York confers jurisdiction to hear appeals from the New

York Supreme Court in the Appellate Division of that court.  N.Y. CONST. art. 6, § 3.

More generally, it is well established that pursuant to the *Rooker-Feldman* doctrine,

federal courts of appeal, federal district courts, and bankruptcy courts lack jurisdiction to review

decisions of state courts unless Congress has specifically authorized such review.  *See Rooker v.

Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462

(1983).  As the Supreme Court has held:

> Federal district courts [and bankruptcy courts] . . . are empowered to exercise original, not appellate, jurisdiction.  Plaintiffs in *Rooker* and *Feldman* had litigated and lost in state court.  Their federal complaints, we observed, essentially invited federal courts of first instance to review and reverse unfavorable state-court judgments.  We declared such suits out of bounds, i.e., properly dismissed for want of subject-matter jurisdiction.

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Exxon Mobil v. Saudi Basic Indus.*, 544 U.S. 280, 283-84 (2005).  While the doctrine has been narrowed in recent years, it plainly bars the relief sought here.  *See id.*; *Lance v. Dennis*, 126 S. Ct. 1198 (2006).

The Court has considered all of the other arguments made by Mr. Georgilis in support of his request for vacatur of the Suffolk County Judgment and dismissal of that action, and has done so in light of the special consideration afforded to *pro se* parties.  *See Tracy*, 623 F.3d at 101. The Court concludes that those arguments are without merit.

In sum, Mr. Georgilis has not met his burden to show that he is entitled to vacatur of the Suffolk County Judgment and dismissal of that action.  For these reasons, and based on the entire record, his request that this Court direct the New York Supreme Court, Suffolk County to vacate the Suffolk County Judgment and dismiss the Suffolk County Action with prejudice is denied.

### Conclusion

For these reasons, and based on the entire record, Mr. Georgilis' Motion for entry of an order holding Vehifax in contempt, imposing sanctions against Vehifax, and vacating the

judgment in the Suffolk County Action and dismissing the Suffolk County Action with prejudice is denied.  The Court shall enter an appropriate order simultaneously herewith.



**Dated: Brooklyn, New York**
**June 17, 2016**

28

_____
**Elizabeth S. Stong**
**United States Bankruptcy Judge**